## GREENHAW v. WILLIAMS.

### Opinion delivered November 10, 1919.

1. APPEAL AND ERROR—EVIDENCE NOT IN RECORD.—In a chancery appeal the decree recited that the court heard the case upon the pleadings and evidence. *Held,* where the evidence heard does not appear in the transcript, it will be presumed that the findings of the chancellor were supported by the evidence.

2. PLEADING AND PRACTICE—SUFFICIENCY OF ANSWER—ACTION FOR CUSTODY OF CHILD.—In an action for the custody of a child, the response alleged that the petitioner abused the child in the appellee's presence till he told petitioner not to further abuse her. *Held,* under this allegation appellee could introduce testimony of petitioner's conduct toward the child.

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*W. C. Rodgers,* for appellant.

The court erred in overruling the demurrer to the response. The *onus* was on the defendant to fortify by a preponderance of the testimony all the affirmative defenses he set up. 84 Ark. 325. But there is not even an allegation that plaintiff or anyone by his direction or consent maltreated, whipped or beat the girl with a window stick, etc. This statement is a mere conclusion and vulnerable to demurrer. 35 Ark. 109, 110; 43 *Id.* 296, 305; 72 *Id.* 478, 484; 121 *Id.* 194-6. And even this is all hearsay and incompetent. It was the duty of the chancellor to consider the competent testimony. 127 *Id.* 438-446. The cause should be reversed with directions to sustain the demurrer of plaintiff.

The appellee, *pro se.*

The evidence sustains the findings of the chancellor. The best interests of the minor child is the criterion, and the finding of the chancellor that the foster mother, Mrs. Greenhaw, was a woman of fitful temper and an unfit person to rear and educate the girl and the decree should be affirmed or appeal dismissed.

HUMPHREYS, J. Appellant, foster father of Vivian McLaughlin, instituted *habeas corpus* proceedings against appellee, the grandfather of said Vivian McLaughlin, in the Howard Chancery Court, to obtain the custody of said child.

The bill, in substance, alleged that appellant had adopted Vivian McLaughlin at the April term, 1912, of the probate court in said county; that at the time of the adoption she was seven years old; that early in the year 1919, Vivian McLaughlin left appellant's and went to appellee's home, where she has since remained, through the encouragement and advice of appellee; that appellee is unlawfully harboring and refusing to surrender the custody of said child to appellant.

Appellee filed a response, denying the allegation of the complaint charging that he is unlawfully harboring and refusing to surrender the custody of said child; and, in justification, alleged that he is the grandfather of Vivian McLaughlin, who had in the first instance come to his house as a visitor; that she informed him that appellant and wife had maltreated her by whipping and beating her with a window stick; that appellant came to his premises after her, and, when she refused to return to him, appellant abused the child in his presence until he interfered and prevented further abuse; that said child is now fourteen years old and of sufficient intelligence to choose her own guardian; that appellee is able and willing to keep, maintain and educate her.

To this response, appellant filed a demurrer, on the ground that no defense was stated therein. The demurrer was overruled by the court, over the objection and exception of appellant.

Thereupon the court proceeded to hear the cause upon the bill, response and evidence, from which it found the issues in favor of appellee and dismissed the bill for the want of equity.

From the judgment of dismissal, an appeal has been duly prosecuted to this court.

It is insisted that the court erred in overruling the demurrer to the response, because, it is said, the response only sets up hearsay matter as an affirmative defense. The following portion of the response is clearly hearsay: "Your respondent says that she, the said Vivian McLaughlin, declared her intention of not returning to the home of Mr. Greenhaw and wife, saying that they had maltreated her, whipped her and beat her with a window stick. * * * ." But the response contained the following allegation which is not hearsay: "Mr. Greenhaw abused Vivian in his (appellee's) presence till he told him not to further abuse her." While the latter allegation is general, it is more than a mere conclusion. It is a defense defectively stated. If appellant desired to be more specifically informed as to the nature and character of the abuse offered by him to the child in the presence of appellee, he should have filed a motion to require appellant to make this allegation more definite and certain. This allegation opened the way for proof, and it is recorded in the judgment that the court heard the case upon the pleadings and evidence. The evidence is not set out in the transcript. It is shown by the pleadings that appellant was of no blood kin to the girl, and that she was fourteen years of age. The evidence may have revealed that appellant was an improper person to have the control and custody of a girl child of her age on account of the character of treatment offered her by him in the presence of appellee. The inference must be indulged that the findings and decree of the chancellor were supported by the weight of the evidence.

No error appearing in the record, the decree is affirmed.